KUSUM NARAYAN
7278 Munson Way
Sacramento, CA 95823
PHONE NO: 916-422-7278
E-Mail: pn011959@yahoo.com

IN PRO PER

**FILED**
OCT 30 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**PARKASH NARAYAN**, an individual,

    Plaintiff,

vs.

**US BANK, NA.** and **DOES 1 through 10**, inclusive,

    Defendant.

Case #: 2:15 CV 2257 JAM KJN PS

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. US BANK N.A. ("US BANK") made perhaps 160 telephone calls to Plaintiff at his home, on his cell phone and at his work in an attempt to collect a debt; called multiple times per day; and continued to call Plaintiff's workplace despite being told Plaintiff did not want calls at work.

2. These calls were placed after numerous requests to cease calling were made and after Plaintiff told US BANK that he refused to repay the debt. Plaintiff received calls while he was eating, sleeping, working and spending time with his wife.

3. US BANK's unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress,

headaches, sleeping issues, family strife, and frustration, amongst other injuries. The stress caused Plaintiff to suffer several bouts of diarrhea.

4. Congress has stated:

" There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, **to marital instability**, to the loss of jobs, and to **invasions of individual privacy**."

## PARTIES

5. Plaintiff, Parkash NARAYAN ("plaintiff" or "NARAYAN") is, and at all times herein mentioned was, a natural person who resides in the City of Sacramento, County of Sacramento, and State of California. He is a "person" as defined by and protected under California Civil Code 1788.2(g).

6. US BANK N.A. ("Defendant" or "US BANK") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION AND VENUE

**COMPLAINT FOR DAMAGES**

8. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

11. Plaintiff opened a consumer credit account with US BANK. The card was used to make purchases at home depot. The credit card was used, and intended to be used for primarily for personal, family and household purposes.

12. Plaintiff defaulted on the consumer debt.

13. Plaintiff told US BANK that he could not pay the debt and not to call Plaintiff.

14. Defendant started making numerous phone calls to Plaintiff daily.

15. These numerous calls were placed to Plaintiff's cell phone, work phone, and home phone.

16. Plaintiff demanded that US BANK stop placing calls to Plaintiff during the first conversation and numerous times thereafter. Following Plaintiff's demands for calls to cease, and within the past 12 months, Plaintiff received approximately the following number of calls:

   a. Calls to house phone = 75 to 100 calls (and probably more)

   b. Calls to cell phone = 30 to 50 calls (and probably more)

   c. Calls to work phone = 5 or 10 times

17. When Defendant called Plaintiff, it used an automated dialer to telephone Plaintiff. When picked up, or when a message was left, Plaintiff was played a recording with an artificial, pre-recorded, voice, telling Plaintiff to return Defendant's call during a specified time period.

18. The calls with an artificial voice were placed to Plaintiff's home phone, his cell phone and his work phone after Plaintiff demanded that calls to Plaintiff cease.

///

///

## **FIRST CAUSE OF ACTION**

*(California Civil Code 1788)*

19. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

20. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

21. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

22. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

24. Defendants acts and omissions violated California Civil Code § *1788 et seq*, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

   a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously.

   b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

   c. Defendants violated 1788.11(a) by placing telephone calls without disclosure of the caller's identity.

    d. Defendants violated § 1788.17 by engaging in impermissible communications with third parties; engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); making false deceptive and misleading statements in an attempt to collect a debt, taking action one cannot legally take; failing to properly disclose an identify oneself; using unfair or unconscionable practices in an attempt to collect a debt, prohibited by 15 U.S.C. § 1692 *et seq*.

25. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

26. Plaintiff suffered actual damages and emotional distress as describe above.

## SECOND CAUSE OF ACTION

*(Invasion of Privacy – Intrusion on Seclusion)*

27. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

28. Defendants' outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

29. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

30. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

31. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

33. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

///

### THIRD CAUSE OF ACTION

*(Negligence)*

34. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

35. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

36. Defendants negligently inflicted emotional distress.

37. Defendants breached a duty imposed and failed to exercise ordinary care.

38. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m) and the Telephone Consumer Protection Act.

39. The breach of such duty proximately caused injury to Plaintiff.

40. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

41. Plaintiff is a member of the class of persons the statutes were designed to protect.

42. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

43. Defendants negligently trained, supervised, and retained, its employees and agents.

44. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

45. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

47. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

48. On information and belief, Defendant's officers, directors or managing agents authorized or ratified the wrongful acts herein.

49. On information and belief, Defendant's officers, director's or managing agents are personally guilty of oppression, fraud or malice.

## FOURTH CAUSE OF ACTION

*(Telephone Consumer Protection Act)*

50. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

51. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

52. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

53. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

54. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

55. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

/ / /

56. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

57. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

58. Defendants' violations were willful and knowing.

59. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

60. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

61. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without his consent.

62. Defendants' acts were willful, intentional and knowing.

63. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

64. Plaintiff is entitled to recover actual and punitive damages.

## FIFTH CAUSE OF ACTION

65. Failure to checking account for cancelling member ship in time required by vendor.

66. Plaintiff canceled membership within one after it was started and plaintiff had ninety days to cancel

67. Plaintiff had cancel the membership within time allowed and did not get full credit.

68. Failure to correct checking account for receiving wrong item from vendor than what was ordered.

69. Items ordered with the vendor were not received but different item received.

70. Item that was shown on the web site was not sold to p[plaintiff but different items.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.

ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;

iii. An award of statutory damages of $500 dollars per incident for negligent violation of the TCPA and $1,500 per incident for willful violation of the TCPA;

///

iv. Punitive damages;

v. Attorneys' fees and costs

vi. Such other and further relief that may be just and proper.

Dated: **October 28, 2015**

*(signature)*
Plaintiff in pro per
KUSUM NARAYAN

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Parkash NARAYAN who hereby demands a trial by jury in the above-captioned matter.

Dated: **October 30, 2015**

*[signature]*

Plaintiff, in pro per
KUSUM NARAYAN

**COMPLAINT FOR DAMAGES**